IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20317
Conference Calendar
_____

TIMOTHY AGUILAR,

                                      Plaintiff-Appellant,

versus

ALICE MASON ABBOTT; DAVID TURNER,

                                      Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1654
- - - - - - - - - -

February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

    Timothy Aguilar, a Texas prisoner (# 647166), appeals from
the dismissal of his pro se civil rights action as frivolous
under 28 U.S.C. § 1915(e)(2)(B).  The district court
sua sponte dismissed the complaint because it was barred by the
applicable two-year Texas statute of limitations.   A district court may
sua sponte dismiss a complaint as frivolous on statute-of-limitations grounds where "it is clear

_____

    [*]This matter is being decided by a quorum.  28 U.S.C. §
46(d).

    [**]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

from the face of a

complaint that the claims asserted are barred by the applicable statute of limitations." <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994). For § 1983 claims, federal courts apply the general personal injury statute of limitations of the forum state, <u>Owens v. Okure</u>, 488 U.S. 235, 249–50 (1989), which is two years in Texas.  <u>Cooper v. Brookshire</u>, 70 F.3d 377, 380 n.20 (5th Cir. 1995); <u>see</u> TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West).

Aguilar's assertions that his claims were not discoverable until June 1995 are meritless, because his own allegations reflected that in 1993 he was aware of the injury he alleges and of circumstances that would have led a reasonable person to investigate further at that time.  <u>See</u> <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 516 (5th Cir. 1995).  The district court did not abuse its discretion in applying the limitations provision.

AFFIRMED.